IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Miyuki Maureen Johnson, Trustee for MMJ Foreign Express Trust,<br><br>                                    Plaintiff,<br><br>v.<br><br>Carefree Rentals, LLC,<br><br>                                    Defendant. | C/A No. 3:25-cv-6168-JFA-SVH<br><br><br><br>**ORDER** |

## I.    INTRODUCTION

Miyuki Maureen Johnson as Trustee for MMJ Foreign Express Trust ("Plaintiff"), proceeding pro se, brings this action averring several claims against Carefree Rentals. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint[1], the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge opines the Complaint is subject to summary dismissal for numerous reasons. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

1

Thereafter, Plaintiff filed objections along with numerous supporting exhibits. (ECF No. 12). Plaintiff also submitted numerous pages of additional supporting documents in later filings. (ECF Nos. 14 &15). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing her filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 9). The Report ultimately concludes that this case should be dismissed for a variety of reasons including frivolity and the failure to proceed as a trust through counsel.

In her response to the Report, Plaintiff has submitted a series of incoherent ramblings that fail to elucidate her claims or in any way address the Report. Many of her statements echo those previously asserted and described as "frivolous sovereign citizen theory" by the Magistrate Judge. (ECF No. 9, p. 11). Thus, Plaintiff has failed to provide

proper objections to the Report or otherwise show why this action should not be summarily dismissed.

Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

To the extent anything in Plaintiff's filing could be considered specific objections, they would nevertheless be overruled. Plaintiff has asserted a series of disjointed, baseless, and conclusory statements that fail to offer any support for her position. For instance, Plaintiff states the "legal basis for objection" is:

- Plaintiff acted in proper fiduciary capacity on behalf of the trust;
- Carefree Rentals failed to respond to commercial claims or rebut the A4V, resulting in default;
- Trespass and threat of repossession without judicial order violates Plaintiff's rights under South Carolina law;
- Dismissal under 28 U.S.C. § 1915(e)(2)(B) would disregard unrebutted trust claims and due process.

(ECF No. 12, p. 2).

However, Plaintiff fails to support these assertions with any coherent evidence or proper legal argument. Accordingly, the court has conducted *de novo* review of Plaintiff's filings and finds no error in the Report. Thus, Plaintiff's objections are overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 9). For the reasons discussed above and in the Report, this action is summarily dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

August 8, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge